FILED
SUPERIOR COURT
OF GUAM

2023 JAN -5 PM 12: 50

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| LAYLA STORY-BERNARDO, et al., | **Superior Court Case No.: CV0733-20** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS SECOND AMENDED CLASS ACTION COMPLAINT** |
| GOVERNMENT OF GUAM, et al., | |
| Defendants. | |

After giving Plaintiffs two opportunities to plead a waiver of sovereign immunity properly, the Court now addresses Defendants' motion seeking to dismiss Plaintiffs' latest complaint. The Court finds that Plaintiffs have again failed to cure the jurisdictional defects. Therefore, the Court GRANTS Defendants' Motion to Dismiss and DENIES Plaintiffs' request for leave to amend.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs, who are government employees, initiated this class action proceeding against the Governor of Guam and various Government of Guam agencies. Class Action Compl. (Oct. 6, 2020). Plaintiffs allege Rule 8.406 of DOA's Personnel Rules and Regulations entitles them to double pay and/or overtime during a public health emergency, but that Defendants denied them such benefits. Class Action Compl. ¶ 36; Am. Class Action Compl. ¶¶ 33, 36, 82 (Sep. 16, 2021); Second Am. Class Action Compl. ¶ 36, 39, 87 (July 29, 2022). Plaintiffs seek a judgment of no less than $100,000,000.00 for all double pay owed to Plaintiffs and the class. Sec. Am. Class Action Compl. at 23. They also seek a declaratory judgment and estoppel. *Id.* at 21, 23.

# ORIGINAL

Under Judge Pro Tempore Teresa Kim-Tenorio, the Court granted Defendants' Motion to Dismiss Plaintiffs' original complaint with leave to amend. Dec. and Order at 16 (May 27, 2021) ("First D&O"). Plaintiffs then amended their Complaint, and this matter was reassigned to this Judge. Am. Class Action Compl.; Not. Judge Assignment (Nov. 22, 2021). The Government again moved to dismiss, and the Court granted the second Motion to Dismiss. Defs.' Mot. Dismiss (Nov. 19, 2021); Dec. and Order (May 2, 2022) ("Second D&O"). The Court found that the claims asserted by Plaintiffs were barred by the doctrine of sovereign immunity, and Plaintiffs failed to assert any waiver to the immunity. Second D&O. In granting the Motion to Dismiss, the Court also granted Plaintiffs leave to amend "on the narrow basis of including any necessary jurisdictional allegations." *Id.* at 10.

Plaintiffs subsequently filed their Second Amended Complaint, and Defendants brought this Motion to Dismiss for lack of jurisdiction and failure to state a claim. Second Am. Class Action Compl. (July 29, 2022); Defs.' Mot. Dismiss at 1 (Sept. 27, 2022). Plaintiffs included the following additions:

> 4. The Plaintiffs may bring this action against the Defendants, as the Defendants have waived immunity.
>
> \*\*\*
>
> 17. Plaintiff [Raycia] Charfauros initiated a Step 1 Grievance in response to the Defendant's failure to pay her as required by law. Her Grievance went unresolved, and her Step 4 grievance was determined by the Department of Administration Grievance Review Board on September 28, 2021, to be "moot" due to the action in Superior Court of Guam in CV0733-20
>
> 18. The Department of Administration's determination that Plaintiff Charfaurous's grievance was moot due to the existence of court action shows that any attempt at further exhaustion of administrative remedies was, and continue to be, futile.
>
> \*\*\*

**ORIGINAL**

42. A class action can also be properly maintained against the Defendant, as the Defendant waived its sovereign immunity through processing to a conclusion the pay grievance brought by class representative Raycia Charfaurous.

43. The decision of the Grievance Review Board constitutes an exhaustion of administrative remedies that other similarly situated plaintiffs can rely upon.

\*\*\*

95. Further attempts to exhaust any applicable administrative remedies was also made futile by the determination on September 28, 2021, by the DOA Grievance Review Board that the grievance of double pay issues was "moot" because of action before the Superior Court of Guam in CV733-20. An Amended Complaint had been filed in CV733-30 on September 16, 2021.

96. The Superior Court of Guam has already concluded in a prior Decision and Order in this civil action issued on May 27, 2021, — nearly four months before the DOA determined that further administrative procedures were moot — that the government had waived sovereign immunity in this case as it was futile for the Plaintiffs to exhaust any administrative remedies available to them.

Second Am. Class Action Compl.

## II.   ANALYSIS

### A. Plaintiffs have failed to cure the defects in their Complaint, and the Court once again holds that the claims are barred by sovereign immunity.

As a preliminary matter, many of the issues argued in the Motion to Dismiss, Opposition to the Motion to Dismiss, and Reply Brief were already decided by the Court in its Second D&O. The Court declines to review issues that it has already ruled on. Plaintiffs were granted limited leave to amend in order to cure jurisdictional defects in their Complaint. Therefore, the Court will exclusively look at whether the amendments made in the Second Amended Complaint prevent the claims from being barred by the doctrine of sovereign immunity.

#### 1. Claim 1 (Violation of Double Pay for Emergency Conditions) is barred by sovereign immunity.

In the Court's Second D&O dismissing the Amended Complaint, the Court explained that there were two means to defeat sovereign immunity: (1) judicial review of a final adverse



action, or (2) pursue remedies under the Government Claims Act. Second D&O at 2–3. The Court held that there was no final adverse action for the Plaintiffs to appeal because they did not exhaust their administrative remedies, and Plaintiffs did not establish that their claims fell within the Government Claims Act. *Id.* at 3–5. Moreover, as it relates to the futility argument, which Plaintiffs raised once again in their Opposition to the Motion to Dismiss, the Court held that without an express waiver of sovereign immunity, Plaintiffs were still required to receive a final adverse action before seeking for judicial review. *Id.*

Plaintiffs fail to establish any additional facts that change the Court's analysis. In their Second Amended Complaint, Plaintiffs assert that Defendants waived sovereign immunity; however, they provide no statutory or factual basis for this statement despite the Court's extensive discussion in its prior order regarding the need for an express waiver of sovereign immunity. *Id.* at 5. Moreover, Plaintiffs later state that this Court has already deemed sovereign immunity waived based on the First D&O; however, the Court probed the issue further in the Second D&O and detailed that sovereign immunity was *not* waived. *Id.* at 2–3.

Plaintiffs also assert that one plaintiff began the grievance process, and the Department of Administration's Grievance Review Board determined that the grievance was moot. Plaintiffs assert that this constituted the exhaustion of administrative remedies and that any further attempts to resolve this matter administratively would be futile. However, this disregards the Court's Second D&O, which explained that a final CSC decision is necessary to satisfy the final adverse action requirement for defeating sovereign immunity. *Id.* at 5. Moreover, the asserted futility argument is irrelevant without an express waiver of sovereign immunity, as explained in the Second D&O. *Id.* Therefore, none of the amendments made prevent the dismissal of this claim on the same grounds as the Second D&O.



ORIGINAL

### 2. Claim 2 (Declaratory Judgment) is barred by sovereign immunity.

In the Second D&O, the Court explained, citing the caselaw provided by Plaintiffs, that "[a]bsent a waiver of sovereign immunity, this Court lacks the necessary statutory prerequisite of subject matter jurisdiction" under the declaratory judgment statute. *Id.* at 6–7. Plaintiffs did not assert any additional facts in the Second Amended Complaint related to the declaratory judgment issue. Moreover, their lack of additional facts or arguments is highlighted by the nearly identical language[1] in the declaratory judgment argument in their opposition to dismiss the prior complaint. *Compare* Opp. Mot. Dismiss at 13–14 (Oct. 25, 2022) *with* Opp. Mot. Dismiss at 15–17 (Jan 7, 2022). None of the amendments in the Second Amended Complaint relate to the declaratory judgment argument; therefore, the Court dismisses the second claim for the same reasons as the Second D&O.

### 3. Claim 3 (Estoppel) is barred by the doctrine of sovereign immunity.

In the Second D&O, the Court held that estoppel was barred by the doctrine of sovereign immunity because it implicates the sovereign's purse and therefore required an affirmative waiver. Second D&O at 9–10. Moreover, the Court held that it was not a proper claim because the evidence rule asserted by Plaintiffs did not provide relief and under *Limtiaco v. Guam Fire Dep't*, 2007 Guam 10, estoppel was a defense, not a claim. *Id.* at 8–9. Despite that ruling, Plaintiffs did not allege any additional facts or information to support their estoppel argument in their Second Amended Complaint.

Additionally, while Plaintiffs did make minor edits to their estoppel argument in their Opposition to the Motion to Dismiss, they do not provide any information that changes the doctrine of sovereign immunity's applicability. For example, Plaintiffs provide two additional

---

[1] The Opposition to the Motion to Dismiss the Second Amended Complaint also included a bare assertion, as a clause, that sovereign immunity was waived.

ORIGINAL

arguments in their current Opposition to the Motion to Dismiss: (1) they assert that estoppel is a proper claim because it will defend against Defendants' positions, and (2) they argue that the government should be estopped from denying allegations that employees worked under the impression that they would be paid double. Opp. Mot. Dismiss at 14–16 (Oct. 25, 2022). However, neither of these arguments defeats or even relates to the doctrine of sovereign immunity, and therefore, this claim continues to be barred.

**B. Granting Plaintiffs leave to amend their Complaint is futile.**

Under Guam Rule of Civil Procedure 15(a), leave shall be freely given absent the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 42 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Plaintiffs have been provided with two opportunities to amend their complaint. In its Second D&O, the Court detailed all of the jurisdictional flaws in the Amended Complaint and provided Plaintiff with limited leave to amend those jurisdictional aspects. Despite being given a third chance to plead sufficiently, Plaintiffs have failed to allege any facts that allow for a waiver of sovereign immunity. Based on this failure, the Court finds that it would be futile to allow Plaintiffs another opportunity to amend their complaint as the Court would be requesting the same information that Plaintiffs failed to produce in their Second Amended Complaint. Therefore, the Court DENIES Plaintiffs' request for leave to amend.

## III.    CONCLUSION AND ORDER

Since Plaintiffs have failed to cure the defects in their Complaint, their claims continue to be barred by the doctrine of sovereign immunity. Therefore, the Motion to Dismiss is


ORIGINAL

GRANTED. Further, leave to amend the Second Amended Class Action Complaint is DENIED

as further amendment would be futile at this time.

SO ORDERED this 5th day of January 2023.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:
Joshua D. Walsh, Esq., Razzano Walsh & Torres, P.C, for Plaintiffs
Assistant Attorney General Jordan Lawrence Pauluhn, Office of Attorney General, for
        Defendants

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

_RP ERPAN_
_AG_

Date:_____Time: 1/5/23

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

ORIGINAL